UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE A. JONES,

     Plaintiff,

v.

DETROIT POLICE DEPARTMENT,

     Defendant.

Case No.  2:25-cv-10936
District Judge Brandy R. McMillion
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS TO EXTEND (ECF Nos. 24, 30) AND DEFENDANT'S MOTION TO DISMISS (ECF No. 33)

I.     Introduction

This is a civil rights case.  Plaintiff Blake A. Jones, proceeding *pro se*, is suing the Detroit Police Department (DPD) alleging violations of his constitutional rights arising out of an unlawful stop and the search and seizure of his property. (ECF No. 21, Amended Complaint).  Jones seeks money damages for the constitutional violations and emotional distress.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 15).

1

Before the Court are Jones' motions to extend (ECF Nos. 24, 30)[1] to which

DPD has filed a response (ECF No. 39).  Also before the Court is DPD's motion to

dismiss (ECF No. 33), to which Jones has filed a response (ECF No. 36).  The

motions are ready for consideration.[2]  For the reasons that follow, it is

RECOMMEDED that Jones' motions be DENIED and DPD's motion be

GRANTED.  As will be explained, Jones' complaint is barred by the statute of

limitations and there is no basis to toll the statute.

## II.    Background

Jones filed his original complaint on April 1, 2025, (ECF No. 1) and an

amended complaint on June 8, 2025, (ECF No. 21).  In both his original and

amended complaints, Jones claims that DPD violated his constitutional rights with

conduct that occurred on May 4, 2019, when Jones says he was unlawfully

stopped, frisked, and had his property seized by DPD.  (ECF No. 21, PageID.44-

45).

## III.    Legal Standards

### A.

When deciding a motion to dismiss under Federal Rule of Civil Procedure

---

[1] ECF No. 24 is a motion to extend, and ECF No. 30 is an amended version of the same motion to extend.

[2] The parties were informed that the motions would be decided without a hearing. (ECF No. 43).  Additionally, proceedings have been stayed pending resolution of the instant motions.  (ECF No. 35).

12(b)(6), the Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605,

608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation

omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(concluding that a plausible claim need not contain "detailed factual allegations,"

but it must contain more than "labels and conclusions" or "a formulaic recitation of

the elements of a cause of action"). Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

at 678 (internal citation omitted). "The plausibility of an inference depends on a

host of considerations, including common sense and the strength of competing

explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v.

Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards

than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). However, even in pleadings drafted by *pro se* parties, "courts should not

have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F.

App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims

that were never presented . . . nor may courts construct the Plaintiff's legal

arguments for him. . . .  [N]either may the Court conjure up unpled

allegations." *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich.

2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

## B.

DPD argues that Jones' complaint is barred by the statute of limitations.

> The statute of limitations is an affirmative defense, *see* Fed. R. Civ. P.
> 8(c), and a plaintiff generally need not plead the lack of affirmative
> defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a) (requiring "a
> short and plain statement *of the claim*" (emphasis added)); *Jones v.
> Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  For
> this reason, a motion under Rule 12(b)(6), which considers only the
> allegations in the complaint, is generally an inappropriate vehicle for
> dismissing a claim based upon the statute of limitations.  But,
> sometimes the allegations in the complaint affirmatively show that the
> claim is time-barred.  When that is the case ... dismissing the claim
> under Rule 12(b)(6) is appropriate.  *See Jones*, 549 U.S. at 215, 127
> S.Ct. 910 ("If the allegations ... show that relief is barred by the
> applicable statute of limitations, the complaint is subject to dismissal
> for failure to state a claim[.]").

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).  In other words,

> [a]lthough Rule 12(b) does not specifically address motions to dismiss
> based on the alleged expiration of the applicable statute of limitations,
> a complaint that shows on its face that relief is barred by the affirmative
> defense of the statute of limitations is properly subject to a Rule
> 12(b)(6) motion to dismiss for failure to state a claim upon which relief
> can be granted.

4

*Conner v. U.S. Dep't of the Army*, 6 F. Supp. 3d 717, 722 (W.D. Ky. Mar. 11, 2014).

IV.    Discussion

Jones' claims arose in the State of Michigan, and his constitutional claims are therefore properly construed as brought under 42 U.S.C. § 1983.[3]  Accordingly, the relevant statute of limitations is "Michigan's three-year statute of limitations for personal-injury actions."  *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017).  Further,

> [w]hile state law determines the length of the statute of limitations, federal law determines when the statute of limitations begins to run on claims pursuant to § 1983.  Generally, accrual occurs when the plaintiff has a complete and present cause of action and can file suit and obtain relief.  Put another way, the limitations period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.  A plaintiff has reason to know of the injury which is the basis of his action when an event occurs that should have alerted the typical lay person to protect his or her rights.

*4th Leaf, LLC v. City of Grayson*, 425 F. Supp. 3d 810, 818 (E.D. Ky. 2019) (internal citations omitted).  "The general rule is that the limitations periods for unconstitutional search and seizure actions and unlawful arrest actions begin to run at the time of the injury."  *Goff v. Monroe*, No. 23-10900, 2024 WL 340808, at *3 (E.D. Mich. Jan. 30, 2024) (*citing Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir.

---

[3] Section 1983 serves as a vehicle to obtain damages caused by persons acting under color of state law whose conduct violates the U.S. Constitution or federal laws.  *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009).

5

2005) and *Wallace v. Kato*, 549 U.S. 384 (2007)).  "This is when a plaintiff has

complete and present cause of action; in other words, when the plaintiff can file

suit and obtain relief."  *Id*. (internal citation omitted).

Here, Jones says that the conduct that forms the basis of his claims occurred

on May 4, 2019.  That is the date of Jones' injury.  The statute of limitations

therefore began to run on that date and expired three years later, on May 4, 2022.

Jones did not file his complaint until April 1, 2025, which is nearly six years after

the alleged conduct and three years after the statute of limitations had already

expired.  Thus, Jones' claims are clearly time-barred.

Perhaps realizing the possibility that he filed his complaint too late, Jones

filed two motions to extend, in which he asks that he be retroactively given

additional time to file his complaint, making it timely.  Jones, however, does not

cite any law in support of his motion.

Construing Jones' filings liberally, he appears to argue that the statute of

limitations should be tolled.  For § 1983 claims, the relevant state's tolling rules

are applied "as long as they are not inconsistent with federal law or policy."

*Roberson*, 698 F. App'x at 250 (internal citation omitted); *see also Hardin v.*

*Straub*, 490 U.S. 536, 539 (1989) (quoting *Bd. of Regents of Univ. of State of N.Y.*

*v. Tomanio*, 446 U.S. 478, 484 (1980)) ("Limitations periods in § 1983 suits are to

be determined by reference to the appropriate 'state statute of limitations and the

coordinate tolling rules.' ").  "In Michigan, equitable tolling does not exist except

as provided by statute." *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith,*

*Inc.*, No. 11-CV-14502, 2012 WL 5828623, at *8 n. 4 (E.D. Mich. July 6, 2012);

*see also Weathers v. Holland Police Dep't*, No. 1:13CV1349, 2015 WL 357058, at

*5 (W.D. Mich. Jan. 27, 2015) (agreeing that Michigan does not recognize

common law equitable tolling and stating that "[i]n applying Michigan law, [a]

plaintiff's claim for equitable tolling of the three-year statute of limitations for a §

1983 claim must be based upon a statutory right to tolling").

"Michigan's tolling provisions are set out in MCL § 600.5856, which

provides that the statutes of limitations governing claims are tolled '[a]t the time

the complaint is filed' or '[a]t the time jurisdiction over the defendant is otherwise

acquired.' " *Eggleston v. Twentieth Century Fox Film Corp.*, 696 F. Supp. 3d 295,

302 (E.D. Mich. 2023) (quoting statute).

Jones has not provided a statutory basis for tolling, and none is apparent to

the undersigned.  In general, equitable tolling is available only in "rare and

exceptional circumstances." *Doran v. Birkett*, 208 F.3d 213 at *2 (6th Cir. 2000)

(unpublished table decision).  Jones bears the heavy burden of showing he is

entitled to equitable tolling.  *See Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007)

("The plaintiff bears the burden of showing that the action was brought within a

reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim have ceased to be operational…").

The Sixth Circuit has applied a five-factor test to determine whether equitable tolling applies to a claim. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). These factors are:

> (1) the plaintiff's lack of notice of the filing requirement;
>
> (2) the plaintiff's lack of constructive knowledge of the filing requirement;
>
> (3) the plaintiff's diligence in pursuing [their] rights;
>
> (4) an absence of prejudice to the defendant; and
>
> (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement."

*Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014); *Zappone*, 870 F.3d at 556. While these five factors are important considerations, they are neither "comprehensive nor material in all cases." *Zappone*, 870 F.3d at 556. The Sixth Circuit has further stated that "a litigant's failure to meet a legally mandated deadline due to unavoidable circumstances beyond that litigant's control is often the most significant consideration in courts' analyses, rather than any particular factor of the five part standard." *Id*. (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-561 (6th Cir. 2000)).

Jones has not met this standard. First, he has not said that he lacked notice of the statute of limitations. In fact, "[t]he existence of a publicly available statute

setting forth a filing deadline at the very least establishes constructive knowledge." *Wershe v City of Detroit*, 112 F.4th 357, 366 (6th Cir. 2024) (citing *Atkins v. Parker*, 472 U.S. 115, 130, (1985)), *cert. denied sub nom*. *Wershe v. City of Detroit*, 145 S. Ct. 1128 (2025).  As noted above, the limitations period for § 1983 claims is taken from publicly available federal case law and state statutes. Therefore, Jones had at least constructive knowledge of the three-year statute of limitations.

As to whether Jones diligently pursued his claims, the law requires that he pursue his claims with "some regularity" during that period, "as permitted by his circumstances."  *Smith v. Davis*, 953 F.3d 582, 601 (9th Cir. 2020) (en banc). "Large time lapses are a significant obstacle to establishing one has diligently pursued his rights."  *Capiz-Fabian v. Barr*, 933 F.3d 1015, 1018 (8th Cir. 2019). Jones has not offered any information to suggest that he diligently pursued his claims, nor provided any reason why he was prohibited from pursuing his claims. Jones has referred to two Oakland County criminal cases against him, in 2022 and 2024, and he also alleged that he was mentally incompetent and "didn't understand the summons and complaint process."  However, the 2022 criminal case was filed nearly three years after the incident complained of in his complaint.  Even if the filing of a criminal complaint somehow prohibited him from pursuing his civil

claims, Jones does not explain the three year gap between the 2019 incident that is the subject of this lawsuit and the initiation of the criminal case.

As to prejudice, Jones' complaint has merely provided a date of the alleged incident.  He has not set forth a location, the names of any police officers, or what any of the officers actually did.  DPD has not been put on notice in the six years since the incident to preserve any evidence to support its defense.  Thus, DPD would be prejudiced if forced to defend this action six years after the alleged incident.

The final factor in the equitable tolling analysis is whether Jones' ignorance of the filing deadlines was reasonable.  *Zappone*, 870 F.3d at 556.  Jones has made vague references to the defendants "violating" him and being "coerced into mental health treatment."  (ECF No. 30, PageID.78).  However, Jones does not explain how allowing him to file a lawsuit six years after the alleged event is reasonable, nor does he offer any evidence to suggest that he was suffering from a mental health condition that prevented him from filing his complaint within the three year statute of limitations.

Finally, to the extent that Jones argues that statutes of limitations are unfair and prevent litigants from pursuing legal claims, this argument does not save his untimely claims.  Long ago the United States Supreme Court observed that statutes of limitation "promote justice by preventing surprises through the revival of claims

that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428 (1965).

## V.    Conclusion

For the reasons stated above, it is RECOMMENDED that Jones' motions to extend (ECF Nos. 24, 30) be DENIED and DPD's motion to dismiss (ECF No. 33) be GRANTED.

Dated: October 14, 2025                          s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge


## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 14, 2025.

<u>s/Dru Jennings</u>
DRU JENNINGS
Case Manager