UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE A. JONES,

    Plaintiff,                      Case No. 2:25-cv-10936
                                       Hon. Brandy R. McMillion
v.                                       Magistrate Judge Kimberly G. Altman

DETROIT POLICE DEPARTMENT

    Defendant.

_____/

**OPINION AND ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 45); DENYING PLAINTIFF'S MOTIONS TO EXTEND (ECF NOS. 24, 30); GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 33), AND OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 47)**

Plaintiff Blake A. Jones ("Jones"), proceeding *pro se*, brings the instant civil rights action against the Detroit Police Department ("DPD"), alleging violations of his constitutional rights arising out of an unlawful stop and the search and seizure of his property. *See* ECF No. 21. Jones seeks relief in the form of monetary damages for constitutional violations and emotional distress. The Court referred all pretrial matters to U.S. Magistrate Judge Kimberly G. Altman, pursuant to 28 U.S.C. § 636(b)(1). ECF No. 15.

1

Plaintiff filed two motions to extend (ECF Nos. 24, 30), to which Defendants responded (ECF No. 39). Defendant subsequently filed a Motion to Dismiss (ECF No. 33), to which Jones has also responded (ECF No. 36). The parties were informed that the motions would be decided without a hearing (ECF No. 43). The Court proceedings were accordingly stayed pending resolution of the instant motions. *See* ECF No. 35. Magistrate Judge Altman issued a Report and Recommendation ("R&R") suggesting that the Court deny Plaintiff's motions to extend and grant Defendants' motion and dismiss Plaintiffs' amended complaint because the statute of limitations bars his claims and there is no basis for equitable tolling. ECF No. 45. Plaintiff filed a timely objection to the R&R (ECF No. 47), asking the Court to reject the R&R.

Having reviewed the objections and conducted a *de novo* review of the record and briefs, the Court has determined that the applicable statute of limitations bars the Plaintiff's claims and dismisses the case on that ground. Further, Plaintiff's objections are improper and are therefore overruled.

Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 45); **DENY** Plaintiff's Motions to Extend (ECF Nos. 24, 30); **GRANT** Defendant's Motion to Dismiss (ECF No. 33); and **OVERRULE** Plaintiff's Objection to the R&R (ECF No. 47).

## I.

Jones filed his original complaint on April 1, 2025 (ECF No. 1) and an Amended Complaint on June 8, 2025 (ECF No. 21), alleging that DPD violated his constitutional rights during an incident that occurred on May 4, 2019. According to Jones, he was unlawfully stopped, frisked, and had his property seized by the DPD. ECF No. 21, PageID.44-45. The conduct that forms the basis of his claims occurred on May 4, 2019; thus, that is the date of Jones' injury. As such, the statute of limitations began to run on that date, for a three-year period, expiring on May 4, 2022. Jones, therefore, waited nearly six years after the alleged conduct to file his claim, and three years after the statute of limitations had already expired.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). When a party objects to portions of a Magistrate Judge's report and recommendation, the Court's *de novo* review is limited to the objected portions. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas v. Arn*, 474 U.S.

140, 153 (1985). Moreover, the objections must be stated with specificity. *Id*. at 151; *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge, and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). But an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, *3 (W.D. Mich. Mar. 28, 2013) (citations omitted).

### III.

Plaintiff lodges two objections, both of which merely reiterate his previous arguments. The objections identify no way in which the Magistrate Judge's R&R

4

was wrongly decided, but instead express Plaintiff's disagreement with the outcome. Neither objection is proper and, as such, is overruled.

**Objection #1: "Legal Standards, B. DPD argues that Jones' complaint is barred by the statute of limitations."**

The Court finds from a review of the Complaint that Jones's claims began to run on May 4, 2019. Under Michigan law, he is subject to a three-year statute of limitations to bring a Section 1983 civil rights claim. *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017). "The general rule is that the limitations periods for unconstitutional search and seizure actions and unlawful arrest actions begin to run at the time of the injury." *Goff v. Monroe*, No. 23-10900, 2024 WL 340808, at *3 (E.D. Mich. Jan. 30, 2024) (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) and *Wallace v. Kato*, 549 U.S. 384 (2007)). He failed to bring his lawsuit until April 1, 2025 – nearly six years after the alleged conduct occurred. Furthermore, he has not met the standard to demonstrate that his claims should be subject to equitable tolling. Jones cannot meet any of the factors set forth in the Sixth Circuit's *Zappone* test to determine if equitable tolling applies. Those factors are: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing [their] rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Zappone*

*v. United States*, 870 F.3d 551, 556 (6th Cir. 2017).  His claims are therefore time-barred, and Objection #1 is overruled.

**Objection #2**: **"DPD would be prejudiced if forced to defend this action six years after the alleged incident."**

Again, the objection does not in any way explain how the Court's finding is inaccurate or legally insufficient.  That Jones disagrees with this statement is not a valid objection.  The Court agrees with the Magistrate Judge that requesting DPD to defend this action, six years after the fact, with no notice of any of these claims before the complaint was filed, would be prejudicial.  Objection #2 is therefore overruled.

Accordingly, the recommended disposition of Magistrate Judge Altman's Report and Recommendation (ECF No. 45) is hereby **ACCEPTED AND ADOPTED**; the Plaintiff's Motions to Extend (ECF Nos. 24, 30) are **DENIED**; Defendant's Motion to Dismiss (ECF No. 33) is **GRANTED**; and Plaintiff's Objections (ECF No. 47) are **OVERRULED**.

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (ECF No. 21) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

*THIS IS A FINAL ORDER THAT CLOSES THE CASE.*

**IT IS SO ORDERED.**

Dated: November 3, 2025

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge